# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| ANGELA HATCHETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: |
| ) | 4:06-CV-4677-VEH |
| TYSON FOODS, INC., ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND EXPENSES

COMES NOW the plaintiff, Angela Hatchett, who moves for an award of attorneys' fees and expenses against the defendant as follows:

1. Based on the jury verdict and the evidence adduced at trial, the Court entered judgment in favor of the plaintiff for violation of the overtime requirements of the Fair Labor Standards Act.

2. Plaintiff seek an award of attorneys' fees and expenses based on the fee-shifting provision of the Fair Labor Standards Act.

3. Plaintiff's attorneys from the firm of Wiggins, Childs Quinn & Pantazis seek payment of the following attorneys' fees:

   a.   Robert L. Wiggins, Jr.

1

|   |   |
|---|---|
| Time Common To *Hatchett* and *Brothers*: | 337.0 |
| Time Unique To *Hatchett*: | 115.8 |
| Total Fee Requested | 452.8 at $550   $249,040[1] |

b.  Candis A. McGowan:

|   |   |
|---|---|
| Time Common To *Brothers* and *Hatchett* | 472.7 |
| Time Unique To *Hatchett* | 107.9 |
| Time From original *Fox* case attributable to *Brothers* at 10% | 46.4 (464.1 x .10) |
| Total Fee Requested | 627.0   at $350   $219,450 |

---

[1] Time unique to *Fox* and *Brothers* has not been submitted. Time unique to *Hatchett* has been submitted only for the period from November 2, 2007 through December 4, 2007. The time in the foregoing categories common to *Brothers* and *Hatchett* is that occurring before October 22, 2007 involving tasks that would not have required a shorter amount of time even if the *Brothers* case did not exist, such as the time spent drafting and negotiating jury instructions and motions in limine that were identical in both cases, the time spent outlining the depositions and anticipated cross-examination of witnesses like Jerry Phillips whose testimony was common to both cases, and similar tasks common to both *Brothers* and *Hatchett*. Compensation for such common time is not sought in both cases. To the extent it is awarded and paid in either case, the other case will be credited with that payment so there is no double payment for the same work. Such common time was not split in half for each case, however, because of the possibility that judgment in one case may be reversed and the other case affirmed. In that event, the full amount of time spent on such common work would be reasonable for each case standing alone because it would not have been less if the other case never existed.

Candis McGowan's time includes the third category of time for work done on behalf of Ms. Hatchett during the period she was a party in the original *Fox* action. Ten percent of the latter time from the original *Fox* case is allocated to *Hatchett* because the plaintiff was one of ten named plaintiffs in that action.

    c.    Ann K. Wiggins:

| | |
|---|---|
| Time Common To *Brothers* and *Hatchett* | 15.25 |
| Time Unique To *Hatchett* | 3.25 |
| Total Fee Requested | 19.50 at $400    $7,400 |

    d.    Paralegals

| | |
|---|---|
| Time Common To *Brothers* and *Hatchett* | 146.43 |
| Time Unique To *Hatchett* | 140.21 |
| Time from original *Fox* attributable to *Brothers* at 10% | 2.13 (21.3 x 10%) |
| Total Fee Requested | 288.77 at $110    $31,764.70 |

4.    Attorney Roger Doolittle has reasonably expended 43.5 hours of work directly related to the individual plaintiffs in *Hatchett* and *Brothers* at an hourly rate of $500 per hour, for a total lodestar of $21,750.

5.    Other attorneys having time attributable to *Brothers* and *Hatchett* that was

expended during those plaintiffs' tenure as parties in the original *Fox* action have allocated their time in the following two categories: (1) time worked directly on *Brothers* or *Hatchett* or both; and (2) time attributable to *Brothers* and *Hatchett* during the period those plaintiffs were parties in the original *Fox* action. The latter allocation is based on 20% of the time expended in *Fox* while Brothers and Hatchett were two of the ten (20%) named plaintiffs in that case.[2]

    a.    Attorneys from the firm of Cohen, Milstein, Hausfeld & Toll seek payment based on the following allocation of time:

Hours Worked Directly on Hatchett and Brothers

| NAME | POSITION | RATE | HOURS |
|---|---|---|---|
| Joseph M Sellers | partner | $580 | 52.95 |
| Christine E Webber | partner | $465 | 254.0 |
| Charles E Tompkins | partner | $400 | 98.7 |
| Sahar Aziz | associate | $220 | 43.3 |
| Michelle Exline | contract attorney | $140 | 18.25 |
| Christine Vaughn | paralegal | $165 | 30 |
| Emily Ouellette | paralegal | $165 | 30.25 |
| Pamela Macker | paralegal | $180 | 48.0 |
| subtotal lodestar | | $218,940.00 | |

Hours Worked Related to Plaintiffs Generally

| | | | |
|---|---|---|---|
| Joseph M Sellers | partner | $580 | 632.2 |
| Christine E Webber | partner | $465 | 1025.0 |

---

[2] Attorneys from Ms. McGowan's former law firm Gardner, Middlebrooks, also have time attributable to this case for Frederick T. Kuykendall, S.C. Middlebrooks, Sam Heldman, David Hodge, and D.W. Grimsley of approximately 51.45 hours. These attorneys may also seek these hours in a later pleading.

| | | | |
|---|---|---|---|
| Charles E Tompkins | partner | $400 | 944.0 |
| Jennifer Gundlach | associate | $220 | 65.25 |
| Michelle Exline | contract attorney | $140 | 67.75 |
| Brent Landau | law clerk | $180 | 32.25 |
| Josh Devore | law clerk | $180 | 24.75 |
| John Ginsberg | law clerk | $130 | 64.5 |
| Jante Santos | law clerk | $145 | 43 |
| Scott Dolazel | law clerk | $130 | 120.0 |
| Christine F Vaughn | paralegal | $165 | 159.5 |
| Emily Ouellette | paralegal | $165 | 646.0 |
| Lisa Byun | paralegal | $135 | 14.25 |
| Mary Anne Fink | paralegal | $165 | 24.25 |
| Pamela Macker | paralegal | $180 | 16.75 |
| Ryan Hale | paralegal asst. | $75 | 18.0 |
| Robert Smits | paralegal | $180 | 89.75 |
| Toni Kirby | paralegal asst. | $140 | 21.75 |
| Yasser Al-Keliddar | paralegal | $135 | 30.75 |

subtotal lodestar                                         $1,451,809.75
20% of subtotal                                           $290,361.95

Total Lodestar Fee Sought in *Brothers*
and *Hatchett*                                            $509,301.95

      b.      Attorneys from the firm of Karmel and Gilden seek payment based on the following allocation of time:

Hours Worked Directly on Hatchett and Brothers

| NAME | POSITION | RATE | HOURS |
|---|---|---|---|
| Jairus M. Gilden | Partner/S/P | $350 | 32.25 |
| subtotal lodestar | | $11,287.50 | |

Hours Worked Related to Plaintiffs Generally

| NAME | POSITION | RATE | HOURS |
|---|---|---|---|
| Jairus Gilden | Partner/SP | $350 | 88.25 |

| Jonathan Karmel | Partner | $350 | 2.00 |

subtotal lodestar           $30,887.25
20% of subtotal           $6,177.50

Total Lodestar Fee
Sought In *Brothers*
And *Hatchett*           $17,465.00

    c.    Attorneys from the Public Justice Center seek payment based on the following allocation:

Hours Worked Directly on Hatchett and Brothers

| NAME | POSITION | RATE | HOURS |
|---|---|---|---|
| Debra Gardner | Legal Director | $400 | 31.8 |
| Deborah Eisenberg | Staff Attorney | $300 | 9.5 |
| Tara Andrews | Staff Attorney | $250 | 20.4 |
| subtotal lodestar | | | $20,670.00 |

Hours Worked Related to Plaintiffs Generally

| Jonathan Smith | Exec Director | $400 | 13.4 |
|---|---|---|---|
| Debra Gardner | Legal Director | $400 | 54.9 |
| Deborah Eisenberg | Staff Attorney | $300 | 53.8 |
| Tara Andrews | Staff Attorney | $250 | 3.6 |
| Marc Steinberg | Staff Attorney | $240 | 6.0 |
| Jennifer Temchine | Law Clerk | $115 | 1.6 |
| subtotal lodestar | | | $47,984.00 |
| 20% of subtotal | | | $9,596.80 |

Total Lodestar Fee
Sought in
*Brothers* and
*Hatchett*
          $30,266.80

  6.    Further itemizations of the foregoing hours of work will be submitted at the

proper time.

7. Expenses:

(a) The attorneys from the firm of Wiggins, Childs, Quinn & Pantazis, L.L.C. reasonably incurred expenses in the amount of $40,342.69 in the prosecution of this case. *Dowdell v. City of Apopka, Florida*, 698 F.2d 1181, 1189-91 (11th Cir. 1983).

(b) Candis McGowan and the attorneys from her previous two (2) law firms reasonably incurred expenses in the total amount of $5,537.29 in the prosecution of this matter, with $5,389.46 attributable to *Brothers* and *Hatchett*, and $147.83 attributable to a 10% share of the expenses equally benefitting *Hatchett* and the other named plaintiffs.

(c) Roger Doolittle reasonably incurred $962.29 in expenses attributable solely to *Brothers* and *Hatchett*.

(d) The expenses reasonably incurred by Cohen, Milstein, Hausfeld & Toll that are attributable to *Brothers* and *Hatchett* are the following:

Expenses Solely Due to Brothers, Hatchett

| Category | Amount |
|---|---|
| filing fees | $700.00 |
| in house copying | $882.20 |
| copy video | $296.10 |
| long distance | $129.10 |

| | |
|---|---|
| postage | $   0.41 |
| air courier | $165.38 |
| local courier | $19.04 |
| transcript of hearing | $170.00 |
| computer research | $491.95 |
| travel (hearing on 8/30) | $401.20 |
| subtotal | $3,255.38 |

20% Expenses Equally Benefitting Brothers, Hatcbett, Other Named Plaintiffs

| Category | Amount |
|---|---|
| court reporter | $21,656.53 |
| computer research | $8,467.96 |
| subtotal | $30,124.49 |

10% Expenses Benefitting Brothers, Hatchett, Other Named Plaintiffs and Opt-in Plaintiffs

| Category | Amount |
|---|---|
| in house copying | $5,563.86 |
| outside copying | $3,129.72 |
| long distance | $2,305.81 |
| air courier | $1,137.98 |
| local courier | $206.77 |
| subtotal | $12,344.13 |

   (e) The expenses reasonably incurred by Karmel and Gilden are $549.63 for long distance phone calls, faxes, photocopies, postage and courier. Since, like the work described above, these expenditures were incurred on behalf of all ten plaintiffs, only 20% of that total is sought here, a total of $109.93. Expenses for travel to defend the depositions of plaintiffs other than Ms. Hatchett and Brothers, as well

as expenses for expert witnesses, and other case expenses, have been excluded.

(f)     The expenses reasonably incurred by the Public Justice Center are 20% of the total expenses it paid in the original *Fox* action while Brothers and Hatchett were parties to that case.

| Category | Amount |
|---|---|
| filing fees (pro hac vice) | $215.00 |
| long distance | $436.60 |
| postage | $212.37 |
| air courier | $154.95 |
| local courier | $8.70 |
| travel (hearing, depos) | $1,156.63 |
| total | $2,184.25 |
| 20% | 436.85 |

8.   The foregoing time and expense common to *Brothers* and *Hatchett* has also been submitted in the parallel *Brothers* action. Double payment of the same time and expense is not sought. The common time and expense has been listed in both cases for the reasons stated in footnote one hereinabove and because of the impracticality of separating such time and expenses.

WHEREFORE, premises considered, plaintiff requests an award of attorneys' fees and expenses in the amounts and on the conditions set forth above.

Respectfully submitted,

/s/Candis A. McGowan
Candis A. McGowan, ASB-9358-036C

Robert L. Wiggins, Jr., ASB-1754-G-63R
Robert F. Childs, Jr. ASB-2223-C-60R
Ann K. Wiggins, ASB-7006-I-61A
Wiggins, Childs, Quinn & Pantazis, LLC
The Kress Building, 301 19th Street North
Birmingham, Alabama 35203
205/314-0500, 205-254-1500 (Facsimile)

Joseph M. Sellers, Esq. (D.C. Bar No. 318410)
Christine E. Webber, Esq. (D.C. Bar No. 439368)
COHEN, MILSTEIN, HAUSFELD
    & TOLL, P.L.L.C.
1100 New York Avenue, N.W.
West Tower - Suite 500
Washington, D.C. 20005
Telephone: (202) 408-4600, Facsimile: (202) 408-4699

## CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Tony G. Miller, Esq.
David M. Smith, Esq.
MAYNARD, COOPER & GALE, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2602
(205) 254-1000

Michael J. Mueller, Esq.
Joel M. Cohn, Esq.
AKIN, GUMP, STRAUSS,
HAUER & FELD, L.L.P.
1333 New Hampshire Ave., N.W., Suite 400
Washington, D.C. 20036
(202) 887-4000

/s/Candis A. McGowan
**OF COUNSEL**