IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| M. H. FOX, TERESA BROTHERS, ) <br> and ANGELA HATCHETT, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> TYSON FOODS, INC., ) <br> ) <br> Defendant. ) | Case No. 4:99-CV-1612-VEH <br> Case No. 4:06-CV-4676-VEH <br> Case No. 4:06-CV-4677-VEH |

**PLAINTIFFS' BRIEF IN SUPPORT OF
THEIR MOTION FOR ATTORNEYS' FEES AND COSTS**

COME NOW the Plaintiffs in the above-styled cause and submit the following in support of their previously filed Motions for Attorneys' Fees and Costs and the Evidentiary Submission in support thereof:

**I.     INTRODUCTION & PROCEDURAL HISTORY**

The *Fox* case was originally filed on June 22, 1999 by eleven named plaintiffs from eight different states as a collective action challenging Tyson's "mastercard line time" wage system. (Doc. 1)[1] Plaintiffs challenged such system as a violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C.A. §201 *et seq.* because the mastercard does not record the time spent working on Tyson's behalf except during

---

[1] The *Fox* record citations will be noted as (Doc. _). The *Brothers* record citations will be noted as (B. Doc._ ) and the *Hatchett* records citations will be noted as (H. Doc. _ ).

the period that chickens are actually moving down the production line. *Id.* More than 5000 other Tyson employees from 39 of Tyson's 59 plants opted in to the case with the same "donning and doffing" claims from the latter half of 1999 to 2000. (Doc. 601:14)

On December 27, 1999, Tyson moved for summary judgment on the merits "against all plaintiffs on the donning, doffing, and cleaning claims on the basis that the activities are not 'work' within the ambit of the FLSA and are not compensable pursuant to the Portal-to-Portal Act." (Doc. 227:6 ) Summary judgment was denied on the basis of a lengthy and thorough *Report and Recommendation* entered by Magistrate Judge Putnam and subsequently adopted by the district court. (Doc. 227, 354. 483) Tyson subsequently moved for, and was denied, summary judgment a second time on similar grounds. (Doc. 483)

Tyson also moved for partial summary judgment arguing that some of the named plaintiffs' claims were foreclosed by 29 U.S.C. § 203(o), which excludes from hours worked under the FLSA "time spent in changing clothes or washing at the beginning or end of each workday" by the terms of, or custom or practice under, a collective bargaining agreement. 29 U.S.C. § 203(o). That motion was also denied, based on the lower court's determination that the donning, doffing and sanitizing of protective gear and equipment at issue in this case was not clothes changing or

2

washing under § 203(o). (Doc. 483, 354, 227)

Around the same time as Tyson sought summary judgment in late 1999, the plaintiffs moved for notice and certification of a company-wide collective action pursuant to 29 U.S.C. §216(b) on behalf of all employees subject to the challenged mastercard wage system. (Doc. 34) (filed October 15, 1999). The certification motion was fully briefed and orally argued by March 6, 2000, but no ruling ensued over the next six-and-a-half years. Plaintiffs' certification motion was eventually denied on November 15, 2006. (Doc. 601, 602)

After denying notice and collective certification, the Court transferred seven of the original eleven named plaintiffs to other district courts, dismissed the more than 5000 opt-in plaintiffs without prejudice to refile or intervene into other actions beginning March 1, 2007, and retained jurisdiction over the three original named plaintiffs from Tyson's plant in Albertville, Alabama. (Doc. 602, 606, 612) M.H. Fox, Teresa Brothers, and Angela Hatchett were the three original named plaintiffs from the Albertville, Alabama plant. The *Fox, Brothers,* and *Hatchett* cases were set for trial beginning October 22, 2007. (Doc. 613)

On August 1, 2007, Tyson renewed its Motion for Partial Summary Judgment on the § 203(o) issue based upon the June 11, 2007, decision in *Anderson v. Cagles, Inc.,* 488 F.3d 945 (11th Cir. 2007) decision, and also asked the Court to dismiss all

3

of the plaintiffs' claims. (Doc. 640) On August 31, 2007, the Court granted summary judgment in favor of Tyson on the pre- and post- shift clothes changing activities, and denied the motion as to the washing claims, meal period claims, and other uncompensated work period claims. (Doc. 659) The three cases proceeded to trial.

Prior to and during the trials of the cases, Tyson withdrew all of its defenses, except the de minimis defense. The parties also entered into stipulations regarding the amount of damages based upon the number of unpaid minutes per day in the event the jury ruled in favor of the plaintiffs. On October 25, 2007, the Court declared a mistrial in Mr. Fox's case due to his suffering of a heart attack during the trial. On November 1, 2007, the jury returned a verdict in favor of Ms. Brothers against Tyson. (B. Doc. 164) On November 9, 2007, the jury returned a verdict in favor of Ms. Hatchett against Tyson Foods. (H. Doc. 207) On January 23, 2008, this Court entered a final judgment in favor of Brothers and taxed costs against Tyson. (B. Doc. 186) On January 23, 2008, this Court entered a final judgment in favor of Hatchett and taxed costs against Tyson. (H. Doc. 223)

Brothers and Hatchett filed their Motions for Attorneys's Fees and Costs. (B. Doc. 177; H. Doc. 214). Tyson appealed both cases and this Court entered an Order staying the motions until the resolution of the appeals. (B. Doc. 179; H. Doc. 216). During the appeal of these two cases, the Eleventh Circuit required briefing on

whether it had jurisdiction to hear the appeal. Tyson also filed a Motion to Consolidate the *Brothers* and *Hatchett* cases for the appeal, which also required briefing to respond to the same.

The Court rescheduled the Fox case to begin a new trial on May 5, 2008. On March 31, 2008, Fox accepted the Offer of Judgment made by Tyson, which included a provision for the parties to litigate the payment of his attorneys' fees and expenses. (Doc. 787,788) On April 14, 2008, Fox filed his Motion for Attorneys Fees and Costs. (Doc. 790)

Tyson has now dismissed its appeals of the *Brothers* and *Hatchett* cases. (B. Doc. 191; H. Doc 232) This Court entered an Order setting the briefing schedule on the issue of attorneys' fees and costs and combined the three cases for this matter. (Doc. 795; B. Doc. 195; H. Doc.231)

On May 20, 2008, the plaintiffs filed a Motion to Compel Production of Defendant's Fee Payments and Itemization of Time. (Doc. 792; B. Doc. 192; H. Doc. 228) This Motion has been fully briefed and is ready for this Court's order on the same. (Doc. 797, 797: B. Doc 196, 197; H. Doc. 233, 234)

## II. APPLICABLE LEGAL STANDARDS

The Fair Labor Standards Act provides that reasonable fees and costs should be awarded to a prevailing party. 29 U.S.C. §216(b). A prevailing plaintiff "should

ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (quoting S. Rep. No. 94-1011, at 4 (1976), 1976 U.S.C.C.A.N. at 5912). The Supreme Court defined prevailing parties as parties that "succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley*, 461 U.S. at 433. Plaintiffs here are prevailing parties, as they have succeeded on significant issues at trial, and obtained judgments in their favor. Furthermore, Fox accepted an Offer of Judgment that recognized his right to recover attorneys' fees and expenses as a prevailing party.

In a claim for attorney's fees the established procedure is for the court to determine the number of hours reasonably expended on the litigation and multiply that figure by a reasonable hourly rate. *Hensley,* 461 U.S. at 434. The resulting yield is what is known as the "lodestar."

In the first step in arriving at the reasonable hourly rate, the court must look to the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. *Norman v. Housing Authority of City of Montgomery,* 836 F.2d 1292 (11th Cir. 1988) (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11(1984)). Current market rates of compensation are appropriate to compensate for the delay in payment of fees.

*Pennsylvania v. Delaware Valley Citizen's Council for Clean Air,* 107 S.Ct. 3078, 3082 (1987); *Norman,* 836 F.2d at 1302 & 1306. In this case, plaintiffs' counsel seek hourly rates for the attorneys and paralegals that represent current market rates for individuals with their skills, experience, and reputation. (Ex. 1 at ¶¶ 4-7; Ex. 2 at ¶¶ 4-5; Ex. 3 at ¶ 4; Ex. 5 ¶ 4; Ex. 6 at ¶¶ 3, 6; Ex. 7 at ¶¶ 5-9; Ex. 8 at ¶¶ 5-8; Ex. 9 at ¶¶ 5-8).[2]

As set forth by the Eleventh Circuit in *Dillard v. City of Greensboro,* the determination of a prevailing plaintiff's entitlement to attorney fees consists of the following three step process: (1) determining whether the plaintiff has prevailed, (2) calculation of the "lodestar," or the number of hours spent in the legal work on the case multiplied by a reasonable rate, and (3) the adjustment of the "lodestar" to account for considerations not made in the mathematical computation, including "the relation of the results obtained for the work done." 213 F. 3d 1347, 1353 (11th Cir. 2000).

### A.     The Plaintiffs "Prevailed"

Plaintiffs were prevailing parties in this matter. Brothers and Hatchett were the prevailing parties on all issues submitted to the juries at their trials. In addition, Fox accepted the defendant's offer of judgment which included the payment of reasonable

---

[2]Citations to exhibits in Plaintiffs' Evidentiary Submission will be noted as (Ex. _ ).

attorneys' fees and costs. This Court entered Orders of final judgment against Tyson on behalf of all three plaintiffs and taxed costs against Tyson. (Doc. No. 789; B. Doc. 186; H. Doc. 223) Plaintiffs are clearly prevailing parties in this matter. *Hensley*, 461 U.S. at 433.

### B. Lodestar Calculation

In establishing the hourly rate, a court is usually guided by the 12 factors set out in *Johnson v. Georgia Highway Express*, 488 F.2d 714, 717-19 (5th Cir. 1974); *see also Blanchard v. Bergeron*, 109 S.Ct. 939, 943, 103 L.Ed.2d 67 (1989); *Hensley*, 461 U.S. at 434 n. 9; *Norman*, 836 F.2d at 1299; *Robertson v. Alabama State Dept. of Education,* 727 F.Supp. 1422, 1426 (M.D. Ala. 1989). The *Johnson* factors are: (1) time and labor required; (2) novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of professional relationship with the client; and (12) awards in similar cases. *Johnson*, supra. at 717-19. Not all of the *Johnson* factors must be considered, but at least some have utility in establishing the hourly rate. *Norman*,

supra at 1299. The majority of these factors are addressed in the Declarations of plaintiffs' counsel, Robert L. Wiggins, Jr., Candis A. McGowan and Christine E. Webber, and in the supporting Declarations of Joe R. Whatley, Jr., Bruce F. Rogers, and William J. Baxley submitted herewith as Exhibits 1, 2, 3, and 7, 8, and 9. The plaintiffs thus respectfully incorporate the content of same herein.

### Reasonable Hourly Rate

The reasonable hourly rate is defined in this Circuit as, "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *ACLU v. Barnes*, 168 F.3d. 423, 436 (11th Cir. 1999), citing *Norman*, 836 F.2d at 1299. Such evidence of a "reasonable" rate may be made via a showing of "direct evidence of charges by lawyers under similar circumstances or by opinion evidence." *Norman*, 836 F.2d at 1298. It has been held that what a lawyer charges her clients is, "powerful, and perhaps the best, evidence of [her] market rate; that is most likely to be what [she] is paid as 'determined by supply and demand.'" *Dillard*, 213 F.3d at 1354-1355, quoting *Blum v. Stenson*, 465 U.S. 886, 895 n. 11. (1984).

The general rule in this Circuit is that the "relevant market" to be determined by the court is the location where the case is filed. *See Cullens v. Georgia Dep't. of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994). However, there are always exceptions

to such general rules, and with regard to civil rights cases it has been recognized that a civil rights plaintiff "may not be charged with selecting the nearest and cheapest attorney." *Dowdell v. City of Apopka,* 698 F.2d 1181, 1192 (11th Cir. 1983); *see also Johnson v. University College of Univ. of Ala. In Birmingham,* 706 F.2d 1205, 1208 (11th Cir. 1983). In *Gay Lesbian Bisexual Alliance v. Sessions,* the district court found, "it is proper to consider a different legal market if it appears unlikely that there would be any attorneys in the local market who would be willing to take the case and who would possess sufficient expertise in the area of law involved." 930 F.Supp. 1492, 1495 (M.D.Ala. 1996). Due to the novel issues raised by some of the claims in these cases and the recent decisions regarding these issues by the U. S. Supreme Court and various federal appellate courts, the plaintiffs were justified in having counsel from different legal markets. In addition, the fact that Tyson's lead counsel was from a different legal market is further evidence to support this justification. Due to Tyson's extensive litigation resources, there are a limited number of law firms that could prosecute these cases against Tyson on a purely contingency fee basis, with resources to underwrite litigation of this type. Thus, the reasonable legal market for the present case should not be so limited as to have effectively precluded the plaintiffs from having obtained adequate counsel in this matter or to preclude other potential plaintiffs from doing so in the search to vindicate their federally protected rights.

## Reasonable Hours

In assessing the hours spent in litigation, it is not inherently "redundant" for a plaintiff to have employed more than one attorney. The Eleventh Circuit has made it clear in *Norman* that "[t]here is nothing inherently unreasonable about a client having multiple attorneys." 836 F.2d at 1302. Reduction of hours in a case employing multiple attorneys is **only warranted** if "the attorneys are unreasonably doing the same work." *Johnson*, 706 F.2d at 1208. As set forth by the Eleventh Circuit in *Barnes*, " a fee applicant **is entitled to recover for the hours of multiple attorneys** if he satisfies his burden of showing that the time spent by those attorneys reflects the distinct contribution of each lawyer to the case and is the customary practice of multiple-lawyer litigation." 168 F.3d at 432 (emphasis added). In addition, a prevailing litigant may seek to recover fees including reasonable time expended by a paralegal for work to the extent such work is "traditionally done by an attorney." *Allen v. United States Steel Corp.*, 665 F.2d 689, 697 (5th Cir. Unit B 1982). Fee applicants are to exercise "billing judgment," *i.e.*, to exclude from their fees "excessive, redundant or otherwise unnecessary [hours]," which would be unreasonable to bill to a client. See *Barnes*, 168 F.3d 423, 428, (citing *Norman*, 836 F.2d at 1301).

In the present case, the fee applicants took affirmative steps to avoid excessive, redundant or duplicative hours during the litigation of this matter. (Ex. 1, at ¶ 3 , Ex.

11

2 at ¶ 5, Ex. 3 at ¶ 9; Ex. 5 at ¶ 9; Ex. 6 at ¶ 9) Counsel took steps to distribute the work assignments and have exercised billing judgment to edit the unnecessary duplicative hours. *Id.*

The amount of the attorneys' fees awards should not be reduced to achieve proportionality with the amount received by the plaintiffs. In *City of Riverside v. Rivera*, the Supreme Court expressly rejected the argument that a fee award should be a proportion of the damages award received by the plaintiff. 477 U.S. 561, 574 (1986). The Court stated

> A rule of proportionality would make it difficult, if not impossible, for individuals with meritorious civil rights claims but relatively small potential damages to obtain redress from the courts. This is totally inconsistent with Congress' purpose in enacting § 1988. Congress recognized that private-sector fee arrangements were inadequate to ensure sufficiently vigorous enforcement of civil rights. In order to ensure that lawyers would be willing to represent persons with legitimate civil rights grievances, Congress determined that it would be necessary to compensate lawyers for all time reasonably expended on a case.

*Id.,* at 578. The Court also noted in a footnote that the defendants cannot complain about the number of hours necessarily spent by the plaintiff in response to its own tenacious litigation of the case. *Id.,* at 581.

Once determined, the "lodestar" may be adjusted to "arrive at a reasonable fee in light of the relation of the results obtained to the work performed." *Dillard*, 213 F.3d at 1355-1356, citing *Perkins v. Mobile Housing Bd.*, 847 F.2d 735, 739 (11th Cir.

1988). If the result of the litigation was "excellent" then the court, "should compensate for all hours reasonably expended." *Norman*, 836 F.2d at 1302. In making this assessment, the Eleventh Circuit notes that in civil rights cases, "[t]he vindication of a constitutional right is important even if only a small amount of money is involved." *Id.* It is undisputed that the plaintiffs are the prevailing parties in this matter, which is sufficient to support a finding that the plaintiffs experienced "excellent" results in this litigation.

## Summary of Lodestar Sought

In their previously filed Motions for Attorneys' Fees and Expenses and the documents contained in their Evidentiary Submission, plaintiffs have itemized the time records and billing rates for the attorneys and paralegals for the work performed in the three cases. The plaintiffs thus respectfully incorporate the content of same herein. Based upon these showings, plaintiffs are seeking their current hourly rates as follows:

| Attorney | Rate |
| --- | --- |
| Robert L. Wiggins, Jr. | $550.00 |
| Candis A. McGowan | $400.00 |
| Robert F. Childs, Jr. | $550.00 |
| Ann K. Wiggins | $400.00 |
| Herman N. Johnson, Jr. | $350.00 |
| Jake A. Kiser | $200.00 |
| WCQP Paralegals | $110.00 |

| | |
|---|---|
| Joseph M. Sellers | $580.00 |
| Christine E. Webber | $465.00 |
| Charles E. Tompkins | $400.00 |
| Sahar Aziz | $220.00 |
| Michelle Exline | $140.00 |
| Jennifer Gundlach | $220.00 |
| CMHT Law Clerks | $180.00 |
| CMHT Law Clerk | $145.00 |
| CMHT Law Clerks | $130.00 |
| CMHT Paralegal | $180.00 |
| CMHT Paralegals | $165.00 |
| CMHT Paralegal | $140.00 |
| CMHT Paralegals | $135.00 |
| CMHT Paralegal | $ 75.00 |
| | |
| Roger K. Doolittle | $500.00 |
| | |
| Jarius M. Gilden | $350.00 |
| Jonthan Karmel | $350.00 |
| | |
| Debra Gardner | $400.00 |
| Jonathan Smith | $400.00 |
| Deborah Eisenberg | $300.00 |
| Tara Andrews | $250.00 |
| Marc Steinberg | $240.00 |
| PJC Law Clerk | $115.00 |
| | |
| Frederick T. Kuykendall | $500.00 |
| S.C. Middlebrooks | $500.00 |
| Sam Heldman | $500.00 |
| David Hodge | $250.00 |
| D. W. Grimsley | $250.00 |
| GMFGK Paralegals | $110.00 |

Based upon the above rates and the billing itemizations for all three cases, the total lodestar fee sought by attorneys from the firm of Wiggins, Childs, Quinn & Pantazis

is $1,444,883.60.[3] The total lodestar fee sought by the attorneys from the firm of Cohen, Milstein, Hausfeld & Toll is $ 654,482.93. The total lodestar fee sought by Roger K. Doolittle is $23,650.00. The total lodestar fee sought by the attorneys from Karmel and Gilden is $20,553.75. The total lodestar fee sought by the attorneys at the Public Justice Center is $35,065.20. The total lodestar fee sought by the attorneys from the former Gardner, Middlebrooks, Gibbons, Flemming & Kittrell, P.C. firm is $20,378.50.

In addition to fees, all "reasonable expenses incurred in case preparation, during the course of the litigation, or as an aspect of settlement of the case," may be taxed as costs. *Dowdell,* 689 F.2d at 1192. In assessing the expenses incurred, "the standard of reasonableness is to be given a liberal interpretation." *Hearn v. General Electric Company,* 1996 WL 937034 at 7 (M.D. Ala.), citing *NAACP v. City of Evergreen,* 812 F.2d 1332, 1337 (11th Cir. 1987), and *Dowdell,* 698 F.2d at 1192. Each amount of expense incurred in the litigation of this case has been set forth separately with corresponding dates and a description of the nature of each expense, i.e., photocopying, postage, travel expenses, payment of filing fees, etc. (Ex. 1; Ex. 2; Ex. 3; Ex. 4; Ex. 5; and Ex. 6) Court reporting costs for deposition transcripts, copying

---

[3]Plaintiffs will be supplementing their hours to reflect time spent for litigation of the Fee Petitions. In addition, plaintiffs' counsel has noticed that time records are missing from some of Ms. McGowan's records in *Fox* for 2007 and 2008, and they may need to amend their hours for this time.

15

costs, court filing fees, travel costs, etc., are necessary to prosecute a case of this kind. The costs being sought for these three cases are not the entire costs for this litigation. Based on this showing, the plaintiffs are entitled to recover the following costs in these three cases:

| | |
|---|---|
| Wiggins, Childs, Quinn & Pantazis: | $ 42,350.18 |
| Cohen, Milstein, Hausfield & Toll: | $104,229.36 |
| Roger Doolittle: | $     962.29 |
| Candis McGowan's prior firm: | $     990.75 |
| Gardner, Middlebrooks | $  5,874.64 |
| Karmel and Gilden: | $     164.89 |
| Public Justice Center | $     655.27 |
| Total Expenses: | $155,227.38 |

These expenses include: (a) those that were necessary to prosecute each plaintiff's claim regardless of the other plaintiffs' or opt-ins' claims that were originally part of this case; and (b) ten percent (10%) of the expenses attributable to each plaintiff and the other nine original named plaintiffs prior to their dismissal from the original *Fox* action.

Some of the foregoing time and expenses common to *Fox, Brothers* and *Hatchett* have also been submitted in the parallel motions in each case. Double payment of the same time and expense is not sought. The common time and expense has been listed in all cases as stated in the previously filed motions and because of the impracticality of separating such time and expenses. However, the total lodestar fee

amounts and total expenses amounts sought in this filing attempt to alleviate the double billings.

## IV. CONCLUSION

WHEREFORE, PREMISES CONSIDERED, and in consideration of all evidence submitted herewith, the plaintiffs petition for an award of the attorneys' fees and costs in the total sum relief as requested and set forth herein.

Respectfully submitted,

/s/Candis A. McGowan
Candis A. McGowan, ASB-9358-036C
Robert L. Wiggins, Jr., ASB-1754-G-63R
Robert F. Childs, Jr. ASB-2223-C-60R
Ann K. Wiggins, ASB-7006-I-61A
Wiggins, Childs, Quinn & Pantazis, LLC
The Kress Building, 301 19th Street North
Birmingham, Alabama 35203
205/314-0500, 205-254-1500 (Facsimile)

Joseph M. Sellers, Esq. (D.C. Bar No. 318410)
Christine E. Webber, Esq. (D.C. Bar No. 439368)
COHEN, MILSTEIN, HAUSFELD
    & TOLL, P.L.L.C.
1100 New York Avenue, N.W.
West Tower - Suite 500
Washington, D.C. 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Tony G. Miller, Esq.
David M. Smith, Esq.
MAYNARD, COOPER & GALE, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2602
(205) 254-1000

Michael J. Mueller, Esq.
Joel M. Cohn, Esq.
AKIN, GUMP, STRAUSS,
HAUER & FELD, L.L.P.
1333 New Hampshire Ave., N.W., Suite 400
Washington, D.C. 20036
(202) 887-4000

/s/Candis A. McGowan
**OF COUNSEL**